JULIA G. BURTON *v.* SARAH ANN BURTON.

**Husband and Wife—Sale of Wife's Real Estate for Reinvestment—Deed to Husband—Wife to Become Owner Upon Death of Husband—Court of Equity Will Enforce Agreement.**

> The appellant at the time of her marriage was the owner of real estate inherited from her father. After marriage her husband induced her to sell her land for reinvestment. The proceeds were invested in other land, to which the husband took title under an agreement that if he died first he would arrange by will or otherwise that she should become the owner of the land. The husband died suddenly without securing the property to the wife.

> **Held,** that if the husband was living the chancellor would not permit him to hold the property without securing the wife, and as his death prevented him from executing the agreement there is no reason why it should not be enforced now.

APPEAL FROM MASON CIRCUIT COURT.

October 24, 1871.

OPINION BY JUDGE PRYOR:

The appellant at the time of her marriage with J. W. Burton was the owner of considerable real estate in the county of Mason, inherited by her from her father. After her marriage, herself and husband lived upon her land, but the husband desiring to change his location induced the appellant to consent to a sale, and invest the proceeds in other real estate. It seems that the husband expressed a wish to have the land purchased with the proceeds of the wife's land conveyed directly to him, as a means of enabling him to obtain credit in his business transactions. The appellant agreed with the husband to sell her land and that a deed might be made to him provided he would arrange it, by will or otherwise, that if he died first she was to become the owner of the land bought with the proceeds of her land. This the husband agreed to do, as the proof clearly shows. Her land was sold and other land bought with the money, a deed made to the husband, who in a short time afterwards was taken suddenly ill and died without securing the property to the wife. The wife was induced to divest herself of the title to all her estate by reason of this agreement and on the part of the husband—it was his duty at the time he made the investment with

her money to have complied with his agreement by either making a will or inserting some clause in the deed protecting the rights of the wife. This obligation he was under to the wife; he seems frequently to have recognized and was prevented from executing it by his sudden and to him unexpected death. If such inducements had been held out to a stranger, and he divested himself of the title to his land under such an agreement, there is no doubt but what a court of equity would have granted him relief, and there is a much stronger reason, it seems to us, for granting relief to the wife who, confiding in her husband's promises and desirous of gratifying his wishes, surrenders the title to all of her estate under such an agreement as the one proven. If the husband was living (under the facts proven) the chancellor would not permit him to hold the property without securing the wife, and as the death of the husband alone prevented him from executing the agreement, we see no reason why the chancellor should not now enforce it. We concur in the opinion rendered by the court below giving to the wife the land purchased with the proceeds of the sale of her own land. The judgment is affirmed.

*Throop, for appellant.*

*Wadsworth & Taylor, for appellee.*